# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLAN LESLIE SINANAN, JR., : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-2442 |
| : | |
| CHILDREN, YOUTH & : | |
| FAMILY DIVISION, : | |
| COUNTY OF NORTHAMPTON, : | |
| GOVERNMENT AGENCY, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**SÁNCHEZ, C.J.**                                                                                    **AUGUST 3, 2023**

*Pro Se* Plaintiff Allan Leslie Sinanan, Jr., an inmate at SCI Albion, initiated this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in connection with a child custody matter. For the following reasons, the Court will dismiss without prejudice Sinanan's request for injunctive relief and will stay the request for damages.

## I.     FACTUAL ALLEGATIONS

Sinanan's claims arise from a matter in the Court of Common Pleas of Northampton County concerning the custody of his minor child.[1] Sinanan names as Defendants the Children, Youth and Families Division of the Northampton County Department of Human Services ("CY&F"), as well as the following nine individuals employed by CY&F: Laura Gibet, Kelseigh Wiltraut, Lisa Gengaro, Henry Newton, Esq., Ewalde Cook, Esq., Lisa Spitale, Esq., Michael

---

[1] Federal Rule of Civil Procedure 5.2 prohibits litigants from submitting documents that contain personal information, including, *inter alia*, the names of persons under the age of 18, who are to be identified by initials only. Although he refers to his minor child by initials only throughout the body of the Complaint, several exhibits attached to the Complaint include Sinanan's minor child's full name. (*See* ECF No. 1 at 21, 23.) The Clerk of Court will be directed to mark this document as case participant view only. Sinanan is directed to refrain from including the minor's name in future filings.

Ondilla, Esq., Brian Lawser, Esq., and Michelle Maynard. (Compl. at 5-6, 15.)[2] Sinanan asserts claims against all Defendants in their individual and official capacities.

Sinanan alleges that he was deprived due process of law in connection with state court proceedings that altered the custody arrangement for his minor child, BC. Specifically, Sinanan contends that he received three pieces of mail correspondence on March 23, 2023, from Defendant Wiltraut that were dated March 13, 2023, March 15, 2023, and March 20, 2023. (*Id.* at 16.) Sinanan suggests that Defendant Wiltraut sought to delay his receipt of these papers. (*Id.*) Although he does not describe the content of these mailings, apparently they pertained to the dependency matter. (*Id.* at 16-17.) Soon thereafter, on March 24, 2023, Defendants Wiltraut, Newton, Cook, Spitale, Ondilla and Lawser filed a "petition . . . for an adjudication of dependency and disposition order requesting removal, scheduled to be heard by a hearing officer on Thursday, March 30th, 2023." (*Id.* at 17.) Sinanan alleges that he received the petition by mail on March 27th and filed a motion that same day, seeking to have the hearing held before a judge rather than a juvenile court hearing officer. (*Id.*) As alleged, "plaintiff was never advised of having an attorney nor was there oral notice." (*Id.*) Sinanan contends that the hearing was held without the judge as requested, Sinanan was present by telephone only, and "an attorney was provided without prompt communication or informed consent." (*Id.*) Sinanan further claims that he was advised by the hearing officer that he would be permitted to ask questions during the hearing, but his telephone connection was terminated when he attempted to speak at the conclusion of the hearing. (*Id.*)

---

[2] The facts set forth in this Memorandum are taken from Sinanan's Complaint, which consists of the Court's form complaint available to prisoners to raise constitutional claims and a typewritten portion. The Court will deem the entire submission to constitute the Complaint, and adopt the continuous pagination assigned to the Complaint by the CM/ECF docketing system.

On April 3, 2023, Sinanan filed a motion with the state court regarding "all the defects in the procedures" during the dependency hearing, specifically:

> (1) timeliness with notice; (2) request for transcription of the hearing; (3) request to be present at future proceedings by advanced communication technology, due to convenience and incarceration; (4) request for a rehearing, due to objection to matter being heard by hearing officer and not receiving timely notice of issues before the court and an opportunity to present a case in relation to the issues; (5) request inspection of the official court record; (6) specific evidence not provided indicating why plaintiff was not contacted sooner for determination regarding family; (7) there are statements in the petition filed on 3/24/23, that are false and subject to the penalties of unsworn falsification to authorities; (8) waives the right to counsel at this time; (9) there is no clear and convincing evidence that BC is dependent, where the plaintiff by right was not allowed to participate in the process; and (10) plaintiff did not have effective assistance of appointed counsel.

(*Id.* at 17-18.) Sinanan contends that since he filed the motion, he received no further mail from CY&F, because such mail "was returned to the sender, due to improper coding." (*Id.* at 18.) Sinanan filed a grievance with the prison regarding the mail issue and the "jail advised that the courts or CY&F are not putting the proper coding on the mail and that when the mail is returned to sender a notice is provided by the jail of the issue and how to fix it." (*Id.*) Sinanan concludes that "it's intentional for this to be happening." (*Id.*) He claims that as of the filing of the Complaint, he "has had no contact with the courts or CY&F to know what is going on with BC." (*Id.*)[3]

---

[3] Sinanan filed a Notice to Clerk of Court, dated July 13, 2023, that addresses the submission of his filing fee. (ECF No. 7.) Therein, Sinanan also purports to add additional defendants to this case, as well as an "Additional Statement of Claim." (*Id.* at 1-2.) The Court does not construe this filing to be an amended complaint. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings"). Nevertheless, the Court notes that Sinanan represents in this filing, *inter alia*, that he participated in a teleconference on July 6, 2023 with Shannon Lehr, a supervisor with CY&F. (*See* ECF No. 7 at 2.)

Sinanan asserts that he and a family member, Carmen Gonzalez, have been denied access to BC without a court order. (*Id.*) He further contends that Defendants Gibet, Gengaro, and Maynard have advised BC and Ms. Gonzalez that BC is not permitted to see or speak with Ms. Gonzalez or Sinanan due to a court order, and that BC was told by Defendants Maynard and Gengaro that, if she were found to be speaking with Sinanan or Ms. Gonzalez, "she will never see her dad." (*Id.*) Ms. Gonzalez's phone number was allegedly blocked on BC's phone so that no contact could be made. (*Id.*) At the time of the filing of the Complaint, Sinanan did not know BC's location. (*Id.*) He requests money damages and for this court to alter the current custody arrangement. (*Id.* at 8.)

## II.    STANDARD OF REVIEW

Although Sinanan has paid the filing fee in full,[4] the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding in forma pauperis). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id*. § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id*. § 1915A(b)(2).

---

[4] Along with his Complaint, Sinanan submitted a check for $400 for filing fees. (*See* ECF No. 1.) Because the check was submitted in the incorrect amount, it was returned to Sinanan with instructions to send a corrected check in the amount of $402. (ECF No. 4.) Sinanan also was ordered to submit the proper filing fee, or file an application to proceed *in forma pauperis*. (ECF Nos. 5, 6.) The proper filing fee was submitted on July 27, 2023. (ECF No. 8.)

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Harris v. Wetzel*, 822 F. App'x 128, 130 (3d Cir. 2020) (*per curiam*); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Sinanan is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Sinanan asserts claims against the named Defendants based on their participation in state court dependency proceedings that resulted in an alteration of the custody arrangement for Sinanan's minor daughter. The Court understands Sinanan to primarily assert claims for violations of his Fourteenth Amendment due process rights and his First Amendment right to access the courts. (*See* Compl. at 6-18.) Sinanan's request to alter the custody arrangement, however, must be dismissed because this Court cannot intervene in pending state court custody proceedings.

This Court has an obligation to abstain from considering certain types of cases pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971). "To promote comity between the

5

national and state governments," the *Younger* abstention doctrine "requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013)).  When determining whether *Younger* abstention is proper, the Court first must examine the underlying state court litigation to determine whether it falls into one of three categories of cases:  (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function.  *See PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted), *cert. denied*, 142 S. Ct. 69 (2021).  Child custody proceedings are civil proceedings that fall within the third category and "are a strong candidate for *Younger* abstention."  *Mikhail v. Kahn*, 991 F. Supp.2d 596, 626-28 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (*per curiam*); *see also Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 97 (3d Cir. 2011) (*per curiam*) (affirming application of *Younger* abstention doctrine in child custody context); *Smith v. Harrison*, No. 21-5120, 2022 WL 445757, at *4 (E.D. Pa. Feb. 14, 2022) (abstaining under *Younger* from intervening in ongoing child custody proceedings).  Thus, the first stage of the analysis is met here.

At the second stage, the Court must consider three factors articulated by the Supreme Court in *Middlesex Cty. Ethics Comm. v. Garden State Bar Assoc.*, 475 U.S. 434, 432 (1982), whether:  (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the state proceeding.  *See Malhan*, 938 F.3d at 462-64.  Sinanan's request for injunctive relief satisfies each of these requirements.  First, Sinanan's filings demonstrate that there was an ongoing dependency proceeding that was pending in state court when he filed this

action in federal court. *See Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (*per curiam*) (finding first *Middlesex* prong satisfied because state court action was pending when Lazaridis filed his federal complaint); *Nellom v. Ambrose*, No. 22-1283, 2022 WL 4120265, at *2 (E.D. Pa. Sept. 9, 2022) ("By their nature child custody proceedings are viewed as a whole, rather than as discrete hearings and decisions." (citations omitted)), *appeal dismissed*, No. 22-2962, 2023 WL 3001152 (3d Cir. Feb. 23, 2023). Second, child custody proceedings implicate important state interests. *See Lazaridis,* 591 F.3d at 671 (finding state custody proceeding implicated important state interests); *Wattie-Bey*, 424 F. App'x at 97 ("[f]amily relations are a traditional area of state concern" (citing *Moore v. Sims*, 442 U.S. 415, 435 (1979); *Winston v. Children & Youth Services*, 948 F.2d 1380, 1399 (3d Cir. 1991))). Third, Sinanan does not appear to be unable to raise his constitutional claims and obtain relief in the state proceedings. *See Lazaridis*, 591 F.3d at 670-71 (explaining that *Younger* requires only an opportunity to present federal claims in state court, and the burden rests with plaintiff to show that state procedural law bars presentation of the claims).

Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)). While Sinanan suggests that Defendants have acted with intention to interfere with the delivery of his mail and his ability to have contact with his daughter, he has not plausibly pled that Defendants have acted in bad faith or for purposes of harassment, or some other extraordinary circumstances exist. *See Stagliano v. Coll*, No. 22-2691, 2023 WL 3943732, at *4

(3d Cir. June 12, 2023) (*per curiam*) (affirming application of *Younger* doctrine where plaintiff failed to plausibly plead that the state proceedings were being undertaken in bad faith or for purposes of harassment, or some other extraordinary circumstances existed); *Kelly v. Swartz*, No. 21-3198, 2023 WL 3018282, at *3 (3d Cir. Apr. 20, 2023) (affirming application of *Younger* abstention where plaintiff failed to support adequately her claim of bad faith, harassment, or extraordinary circumstances and "merely present[ed] conclusory statements").

## IV.     CONCLUSION

For the reasons stated, the Court will abstain from intervening in the state court custody proceeding as requested by Sinanan.  Such claims will be dismissed without prejudice.  *See Borowski v. Kean Univ.*, 68 F.4th 844, 850 (3d Cir. 2023) ((("[I]f a suit with a claim for damages also seeks injunctive or declaratory relief, a federal court has discretion not only to stay the damages claim but also to dismiss any claims for injunctive and declaratory relief outright or to stay them, potentially alongside the stayed claim for damages.").  However, to the extent that Sinanan seeks damages as relief, the Court may not dismiss such claims at this time.  *See id.* at 855 ("[D]ismissal of a damages claim on abstention grounds is no longer permissible.").  Instead, such claims will be stayed for the pendency of the state proceedings.  An appropriate Order follows, directing Sinanan to provide notice to the Court when, if ever, the underlying child custody dispute has been finally resolved so that his money damages claims in this case may proceed at that time.

BY THE COURT:

/s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ,  C.J.**
